————o————

Nos. 5738, 5739.

## IN RE LAND & DEVELOPMENT CO OF LOUISIANA.

### Syllabus.

1. A party is entitled of right to appeal suspensively from a money judgment against him irrespective of any other feature of said judgment which might otherwise affect his right of appeal.

2. No damages can be allowed in a judgment maintaining a rule to dissolve an injunction, unless the latter is directed against the execution of a money judgment.

3. Where a party goes to trial without objection, he cannot afterwards be heard to complain that the case was irregularly or prematurely fixed for trial.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 99,284, Hon. F. D. King, Judge.

Theo. Cotonio, for plaintiff and appellee.

Smart and Patorno, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

The plaintiff in injunction has taken two appeals: a suspensive appeal from a judgment maintaining a rule

to dissolve her injunction, and subsequently a devolutive appeal from a judgment of non-suit after submission of the case on the merits.

## I.

The appellee has moved to dismiss the suspensive appeal on the ground that it lapsed when plaintiff in injunction failed to appeal suspensively from the judgment which dismisses her case upon the merits. We find, however, that the judgment suspensively appealed from, that is, the judgment maintaining the rule to dissolve, condemned her in the sum of $25.00 damages for attorney's fees. This money judgment she had the undoubted right to suspend by appeal and the motion to dismiss must consequently be denied.

The injunction was dissolved on the ground that there was no proof that the attorney representing the plaintiff in injunction was authorized to sign the injunction bond in her behalf. The only authority which the attorney exhibits is a general one, "to take whatever proceedings * * * he may deem necessary to set aside" the tax sale in question.

It is evident that this is a general authority to sue, and under our jurisprudence is insufficient to confer upon an attorney-at-law the power to sign the bond which apparently must be special.

Luchini vs. Police Jury, 126 La., 973; Maraist vs. Sheriff, 44 An., 884, and authorities cited.

We think the injunction was properly dissolved but as it was not directed against the execution of a money judgment, damages could not be properly awarded on the rule to dissolve it.

## II.

The record discloses that the attorneys for all parties were present when the case was called for trial, and that the matter was submitted without the production of evidence on either side. In a motion for a new trial subsequently filed, the sole complaint was that the case had been improperly and prematurely fixed for trial. Not only is the transcript barren of any data upon this subject, but there is no proof that the plaintiff in injunction or her attorney objected to going to trial, nor any suggestion in the motion for a new trial that any such objection had been made. Under these circumstances and with record in this condition we are unable to say that the judgment of non-suit was improper, or that a proper showing has been made for remanding the case.

We do not think that the judgment should be amended and converted into one of absolute dismissal as prayed, for by the appellee in its answer to the appeal. On the face of the papers plaintiff is an alleged co-owner and as such had sufficient interest to attack and set aside the tax title upon which defendant in injunction relied, at least to the extent of her own interest. Plaintiff alleging interest and there being no proof offered by either party, the only proper judgment was one of non-suit.

Appellee has asked for an amendment so as to award damages for the dissolution of the writ. No damages were claimed in its answer below and consequently none can be claimed on appeal.

It is accordingly ordered that the judgment in appeal No. 5738 of our docket be amended by striking therefrom the item of attorney's fees and that as thus amended said judgment be affirmed at the cost of appellee.

It is further ordered that the judgment of non-suit in appeal No. 5739 of our docket be affirmed at appellant's cost.

Judgments amended and affirmed.

Dufour, J., takes no part.

Opinion and decree, February 24th, 1913.

Rehearing refused, April 7th, 1913.